# IN THE SUPREME COURT OF THE STATE OF NEVADA

CARLOS MAX GONZALEZ-ROJAS,
A/K/A CARLOS MAZ GONZALEZ
ROJAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74310

**FILED**

MAR 2 9 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an amended judgment of conviction, pursuant to a jury verdict, of first-degree kidnapping with use of a deadly weapon, five counts of sexual assault with a deadly weapon, two counts of battery with intent to commit sexual assault, and coercion sexually motivated. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

At the time relevant to this case, Gonzalez-Rojas and the victim were married but were separated and living apart. Gonzalez-Rojas, suspecting the victim was sexually involved with another person, confronted her and accused her of cheating on him. During this encounter, Gonzalez-Rojas threatened to kill the victim if she did not admit to the relationship, stabbed and otherwise physically attacked her, restrained her to her bed, and forced her to engage in various sexual acts. Gonzalez-Rojas was subsequently arrested and charged with, *inter alia*, sexual assaulting the victim.

During a pre-trial evidentiary hearing, the victim testified that she had engaged in consensual sex with Gonzalez-Rojas two days prior to the sexual assault. She also testified regarding other intimate aspects of her sexual relationship and history with him. In light of Gonzalez-Rojas's

19-13907

confession to police that he forced her to engage in sexual acts in order to punish her for cheating on him, Gonzalez-Rojas sought to admit the victim's testimony regarding specific details pertaining to her sexual relationship with him, to support his defense that she consented to the sexual acts on the night in question. The trial judge, applying Nevada's rape shield statute, admitted the victim's testimony regarding her consensual sexual encounter with Gonzalez-Rojas two days prior to the assault, but did not permit any other details regarding her sexual relationship with him to be admitted. Gonzalez-Rojas challenges the district court's exclusion of this testimony, arguing that the victim's testimony that she had, in the past, consented to specific sexual acts with him, should have been admitted to show that she in fact consented to the sexual acts on the night of the assault. We find this argument unpersuasive, and affirm the district court's decision to exclude, in part, the victim's testimony regarding her prior sexual history.

NRS 50.090, Nevada's rape shield statute, generally prohibits evidence of a sexual assault victim's prior sexual conduct from being admitted to attack the victim's credibility. NRS 48.069, however, permits a defendant accused of sexual assault to present evidence of previous sexual conduct with the victim in order to prove consent. We have held that Nevada's rape shield statute is intended to "protect rape victims from degrading and embarrassing disclosure of intimate details about their private lives." *Johnson v. State*, 113 Nev. 772, 776, 942 P.2d 167, 170 (1997) (internal quotation marks omitted). Those protections notwithstanding, a defendant accused of sexual assault is still entitled to due process rights in presenting evidence in support of his defense, and therefore, "rape shield statutes should be construed and applied so as to uphold the constitutional

rights of defendants, while creating the least possible interference with the legislative purpose reflected in the statutes." *Summit v. State*, 101 Nev. 159, 162, 697 P.2d 1374, 1376 (1985). In striking the appropriate balance between protecting a victim from needless embarrassment and humiliation, and safeguarding a defendant's constitutional due process rights, we have instructed courts to focus on "potential prejudice to the truthfinding process itself, *i.e.*, whether the introduction of the victim's past sexual conduct may confuse the issues, mislead the jury, or cause the jury to decide the case on an improper or emotional basis." *Id.* at 163, 697 P.2d at 1377 (internal quotation marks omitted). In making such a determination, "[t]he trial court has sound discretion to admit or exclude evidence of a victim's . . . prior sexual experiences." *Abbott v. State*, 122 Nev. 715, 732, 138 P.3d 462, 473 (2006). We conclude the district court appropriately balanced the interest in protecting the victim, while affording Gonzalez-Rojas sufficient opportunity to proffer evidence in support of his defense.

Gonzalez-Rojas contends, primarily, that the victim's testimony during a pre-trial evidentiary hearing in which she stated she had consensually engaged in specific sexual acts with him was necessary to his defense that she had consented to the sexual acts for which he was criminally charged. Gonzalez-Rojas argues that the exclusion of this portion of the victim's testimony impermissibly impaired his defense that, in spite of admittedly physically attacking and stabbing the victim, the two nonetheless reconciled and engaged in consensual sex. Gonzalez-Rojas's argument completely discounts, however, the evidence favorable to his

(O) 1947A

consent defense which the district court allowed to be introduced. The district court, for example, permitted the victim to testify that she had engaged in consensual sex with Gonzalez-Rojas two days before he assaulted her. The district court also allowed Gonzalez-Rojas to cross-examine the victim, whereupon she testified that while she was being assaulted, she tried to make Gonzalez-Rojas believe she consented to having sex with him, and told him that she wanted to have a child with him, so that he would remain calm. In addition, the court permitted the sexual assault nurse who treated the victim to testify that specific injuries the victim sustained during the assault could have resulted from consensual sexual intercourse. In sum, the district court appropriately balanced the interests in protecting a sexual assault victim from needless embarrassment while affording Gonzalez-Rojas his constitutional rights to due process. That the jury was unpersuaded by Gonzalez-Rojas's's theory (contradicting his own admission to police that he forced the victim to have sex with him) that the victim in fact consented to having sex with him shortly after he threatened to kill, and repeatedly stabbed and beat her, does not amount to an abuse of discretion by the district court.

Additionally, the totality of the circumstances surrounding the encounter made it unreasonable to say that Gonzalez-Rojas could have believed the victim had consented to having sex with him. *See McNair v. State*, 108 Nev. 53, 59, 825 P.2d 571, 575 (1992) (holding that a trier of fact should consider the totality of circumstances in evaluating whether a sexual assault victim has consented to sexual conduct). Evidence indicating to the jury that, under the circumstances, Gonzalez-Rojas could not have believed the victim consented to having sex with him included: (1) Gonzalez-Rojas's own admission to forcing the victim to perform a variety of sex acts to

punish her for purportedly cheating on him; (2) the victim's testimony regarding her repeated protests to the sexual encounters; (3) hospital staff's testimony regarding the extensive injuries the victim sustained, including injuries consistent with a sexual assault; and (4) testimony from business office personnel at the victim's apartment regarding her pleas for help after escaping from Gonzalez-Rojas.

The record shows that Gonzalez-Rojas took the victim to her apartment against her will, threatened to kill her, punched her repeatedly in her face to stop her from calling for help, stabbed her, tied her to a bed, and forced her to take a pill he believed would induce her acquiescence to his violent sexual demands. The victim was bleeding profusely from a stab wound and restrained to her bed when Gonzalez-Rojas began to sexually assault her. Gonzalez-Rojas does not dispute these facts, but argues instead that despite his actions, the victim consented to sexual intercourse with him. There is simply no reasonable basis for Gonzalez-Rojas to have believed, under these circumstances that the victim willingly consented to sexual activity with him.

In light of the foregoing, we see no reason to usurp the role of the jury in weighing the evidence and determining Gonzalez-Rojas was guilty. *McNair*, 108 Nev. at 56, 825 P.2d at 573 (providing that "it is the jury's function, not that of [this] court, to assess the weight of the evidence and determine the credibility of witnesses," and "[i]n a criminal case, a

verdict supported by substantial evidence will not be disturbed by a reviewing court").[1]

Accordingly, we order the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:    Hon. Valerie Adair, District Judge
Flahive & Associates, Ltd.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]Gonzalez-Rojas also argues, unconvincingly, that the district court coerced the jury in its instructions regarding time for deliberation by informing the jury that failure to reach a verdict on a Friday evening would require them to return to deliberations on Monday. We conclude this argument lacks merit. *See Manning v. State*, 131 Nev. 206, 212-13, 348 P.3d 1015, 1019-20 (2015) (merely informing the jury that it would need to continue deliberations was not inherently coercive).